UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT MARTIN ROETTGER,

        Plaintiff,                  Case No. 1:11-cv-776

v.                                                  Hon. Robert J. Jonker

KENNETH T. SAUKAS, *et al.*,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present action *in forma pauperis* pursuant to § 1915. Consequently, this action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

      **I.**      **Discussion**

The court reviews a complaint for failure to state a claim on which relief can be granted under § 1915(e)(2) under the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S.Ct. at 1949 (internal citations omitted). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*, citing *Twombly*, 550 U.S. at 555.

Here, plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Plaintiff's complaint contains two pages of rambling allegations which relate to state court proceedings in 2010 and 2011, a "seizure/restraining order" issued against plaintiff, claims of bias against a state court judge, claims of domestic violence, and claims of obstruction of justice and perjury against an attorney, Steven L. Williams. *See* Compl. (docket no. 1). Plaintiff's complaint, however, does not seek relief against these individuals who purportedly participated in the state court proceedings. Rather, plaintiff has filed this action against defendant Attorney Kenneth M. Saukas for "allowing an attorney in his corporation" to violate the law in the ways indicated above. Plaintiff has also named as a defendant, "DAWN." *Id.* at p. 2. "DAWN" apparently refers to a law firm in the Grand Rapids area known as "Divorce Attorneys for Women."

The court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). Despite a liberal reading of plaintiff's complaint, the court concludes that the complaint fails to state a cause

of action against Attorney Saukus. Plaintiff fails to identify any constitutional violation or other particular wrongful conduct by either Attorney Saukus or DAWN, nor does he allege that either entity acted under color of state law.

Generally, private individuals and companies do not act under color of state law. *Thomas v. Better Business Bureau, of Mid-South*, 79 Fed. Appx. 748-49 (6th Cir. 2003), citing *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). "The only exception to this rule is if the actions of the private individual or corporation are so approximate to a state action that the action may fairly be attributed to the state." *Id.* Plaintiff's complaint is deficient in this regard because he has not alleged how these two defendants acted under color of state law. "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986).

Plaintiff's complaint also fails because he seeks relief against defendants in their supervisory capacity. It is well settled that a § 1983 action cannot be based on a theory of respondeat superior. *See Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 691 (1978); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995). A supervisor's liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). In order to hold a supervisor liable under § 1983, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff has not meaningfully alleged personal involvement by

defendants Saukus and DAWN. Accordingly, this complaint should be dismissed for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court may also dismiss this complaint for lack of jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). The vague, attenuated and unsubstantial allegations set forth in plaintiff's complaint are insufficient to establish subject matter jurisdiction in this court. Plaintiff seeks at most to improperly appeal his state court proceeding in a federal court. Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II.  RECOMMENDATION

For all of these reasons, I respectfully recommend that plaintiff's complaint be dismissed.

Dated: March 1, 2012  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).